Moncure, P.
This seems to me to be a very plain case. Dyerle owed Cecil a debt, for which, on the 4th of January 1861, a negotiable note was made by Dyerle and endorsed by Barnett, payable four months after date. Sometime after the date of the note, Cecil had it discounted at bank for his accommodation, and received the proceeds. The note was not paid at maturity, but was protested for non-payment, and remained at bank, under protest, until August 1862, when Cecil discharged hi3 obligation as endorser to the bank by paying the amount of the note in Confederate money, received the note from the bank, brought an action of debt upon it against the maker, Dyerle, and endorser, Barnett, and recovered judgment therein for ’the amount of the note with interest aud costs : to which judgment, a supersedeas was awarded on the petition of Barnett, which brings up the case for review before this court. "
The only question presented by the record is, whether the judgment ought not to have been rendered for the scaled value of the Confederate money paid by Cecil to the bank, in discharge of his obligation as endorser of the note, instead of being rendered for the amount of the note.
The counsel for the plaintiff in error contends that thejudgment ought to have been rendered only for the scaled value of the Confederate money aforesaid, upon the ground that the defendant in error, Cecil, paid the money as a mere surety, and that a surety can recover of his principal no more_than he has to pay for the principal.
*95 It is certainly true, as a general rule, that the contract which the law implies between a principal and his surety is merely a contract of indemnity ; and that the measure of the liability of the principal to the surety, is the amount which the latter has to pay for the former on account of the suretyship; so that if the discount at bank had been the origin of the transaction in the case, and the note had been made, endorsed and discounted for the accommodation of the maker and first endorser, the last endorser, Cecil, would have been a mere surety of .the other parties, and could have recovered of them only the value of what he had to pay for them.
But such was not the case. The debt was due to Cecil by a negotiable note made by Dyerle, and endorsed by Barnett, and it was a specie debt. Afterwards it was discounted at bank upon the endorsement of the creditor and holder, Cecil, and was protested for non-payment and taken up by Cecil with Confederate money, to whom it was returned by the bank. How the debt of Dyerle and Barnett upon this note did not cease to be a specie debt by any of the transactions which occurred in regard to it between Cecil and the bank. The bank might have 'released the obligation of Cecil as endorser to it, upon any terms it chose to accept. It might have given the note back to him for nothing, and Cecil might still have enforced its payment by the original debtors as a specie debt. His right of action was not upon an implied contract of indemnity between a principal and his surety; but upon the note itself, which still remained in full force, and can never be discharged until paid in full according to its terms by the original debtors, unless their creditor chooses to release them on other terms.
For these reasons, I think there is no error in the judgment, and that it ought to be affirmed.
The other judges concurred in the opinion of Moncure, P.
Judgment arrirmed.